IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FAYZA PANNO, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| -v- | ) | **DEFENDANTS' NOTICE OF** |
| | ) | **REMOVAL** |
| CLEVELAND METROPARKS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Board of Park Commissioners of the Cleveland Metropolitan Park District ("Board") incorrectly identified as Cleveland Metroparks, Don Sylvis ("Sylvis") and Katherine Dolan ("Dolan"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, seek removal of this action and states as follows:

1. On December 21, 2020, Plaintiff commenced a civil action against Defendants in the Cuyahoga County Court of Common Pleas Civil Division, Case No. CV-20-941784. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2. On December 31, 2020, Defendant Dolan received service of process of the original Summons and Complaint via Certified Mail. Defendants CM and Sylvis received service of process on January 4, 2020. Defendant David Fenske has not yet been served. A copy of the Cuyahoga Clerk of Court's Docket showing service upon Defendant Dolan on December 31, 2020 is attached as Exhibit B.

3. Plaintiff's Complaint alleges claims of (1) violations of 42 U.S.C. Section 1983; (2) violations of 42 U.S.C. Section 1985; (3) deprivations of due process under the Fifth and

Fourteenth Amendments of the United States Constitution; (4) deprivations of equal protection under the Fifth and Fourteenth Amendments of the United States Constitution; (5) violations of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) and/or O.R.C. Chapter 4117; (6) civil conspiracy; (7) disparate treatment based on race and sex; (8) breach of settlement agreement; (9) malicious prosecution; (10) abuse of lawful process; and (11) intentional infliction of emotional distress. (*See* Exhibit A).

4. This Court has original jurisdiction over the federal claims in this civil action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining state claims in this action pursuant to 28 U.S.C. § 1367. Accordingly, Plaintiff's Complaint is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of Defendant Dolan's receipt of the Summons and Complaint on December 31, 2020.

6. Venue is proper in the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1446(a) because this action is currently pending in Cuyahoga County, which is located within the Northern District of Ohio, Eastern Division.

7. Defendants are filing a Notice of Filing Notice of Removal in Cuyahoga County Court of Common Pleas Civil Division contemporaneously with the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d). A true and correct copy of Defendants' Notice of Filing Notice of Removal is attached hereto as Exhibit C.

8. Defendants will provide prompt written notice to Plaintiff that Defendants have filed this Notice of Removal in accordance with 28 U.S.C. § 1446(d).

9. Defendants respectfully request that this Notice effect removal of the above-captioned case from the Cuyahoga County Court of Common Pleas Civil Division to this Court.

10. All parties who are properly joined and served have consented to the removal of this action pursuant to 28 U.S.C. Section § 1446. Specifically, Defendant David Fenske has not yet been served. Defendant Fraternal Order of Police, Ohio Labor Council, Inc., ("FOP") served on January 4, 2021, is not properly joined in this suit. A party is improperly/fraudulently joined when no colorable cause of action exists against it. As demonstrated in the Motion to Dismiss filed by FOP on January 19, 2021 (a copy of which is attached as Exhibit D), Plaintiff has not and cannot state a viable cause of action against FOP because the Ohio State Employment Relations Board ("SERB") has exclusive jurisdiction over Plaintiff's claims and therefore neither the state court, nor this Court, has subject matter jurisdiction over Plaintiff's claims against FOP and it therefore is improperly/fraudulently joined as a party in Plaintiff's Complaint.

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**

*s/ Stephen S. Zashin*
Stephen S. Zashin (0064557)
ssz@zrlaw.com
Lisa A. Kainec (0061551)
lak@zrlaw.com
950 Main Ave., 4th Floor
Cleveland, Ohio 44113
Tel.:   (216) 696-4441
Fax:   (216) 696-1618

*Attorneys for Defendants,*
BOARD OF PARK COMMISSIONERS OF THE CLEVELAND METROPOLITAN PARK DISTRICT, DON SYLVIS and KATHERINE DOLAN

## **CERTIFICATE OF SERVICE**

I certify that on January 28, 2021 a copy of the foregoing document was filed with the Court's electronic filing system and will be served upon all parties via the Court's electronic filing system. In addition, I also certify that I caused the foregoing document to be served via email on January 28, 2021, to counsel for Plaintiff at the following email address:

Charles A. Bakula
charlesbakula@aim.com

and to counsel for Defendant FOP at the following email addresses:

Joel D. Glasser
Jglasser@fopohio.org
Kay Cremeans
kcremeans@fopohio.org

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**

*s/ Stephen S. Zashin*
Stephen S. Zashin (0064557)

*One of the Attorneys for Defendants,*
BOARD OF PARK COMMISSIONERS
OF THE CLEVELAND METROPOLITAN PARK
DISTRICT, DON SYLVIS and KATHERINE
DOLAN