IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FAYZA PANNO, | ) Case No. 1:21-cv-220 |
| | ) |
|     Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) THOMAS M. PARKER |
| | ) |
| CLEVLEAND METRO PARKS, *et al.*, | ) |
| | ) **ORDER** |
|     Defendants. | ) |

Before the court are: (1) plaintiff Fayza Panno's motion to disqualify attorney Joel Glasser and strike filings he has made on behalf of defendant Fraternal Order of Police ("FOP"), (ECF Doc. 11); and (2) FOP's notice that it had filed a motion to dismiss all claims against it prior to removal[1], (ECF Doc. 13).

Although an opposition and reply brief have been filed on the disqualification matter, there remains insufficient information in the record for the court to resolve the motion at this time. And, although FOP's motion to dismiss could potentially moot the disqualification motion, such a motion has *not* been filed before *this* court. The court also would not require Panno to respond to such a motion while it is still contested whether the attorney representing FOP had previously represented Panno in a related matter.

---

[1] FOP has also filed a motion to remand, asserting that this case was improperly removed because FOP did not consent to removal. ECF Doc. 14. The court does not address that motion in this order.

Accordingly, the court ORDERS the parties to supplement their disqualification briefing on or before April 23, 2021 with the following:

(1) Panno shall articulate the nature (not the substance) of any privileged information she shared with attorney Glasser, provide to the court any communications upon which Panno might have formed the belief that Glasser represented *her* as *her attorney*, and provide to the court any communications in which Panno might have asked Glasser to clarify his representation, as well as any responses to such inquiries; and

(2) Glasser shall articulate whether Panno shared any privileged information with him and the nature of such information (not the substance), if shared.

In so supplementing their briefing, Panno and Glasser shall take efforts to protect any privileged information that might have been shared from any disclosure.  This may include making appropriate redactions from any exhibits filed in support of the supplements and filing exhibits under seal.

Because a motion to dismiss by FOP could, if granted, moot Panno's motion to disqualify, FOP may choose to: (1) retain special counsel to enter an appearance for purposes of filing a motion to dismiss (and any related filings); and (2) contemporaneously move to stay the motion to disqualify pending resolution of any motion to dismiss.  FOP is not *required* to undertake such a procedure.  But if FOP wishes to do so, FOP should do it *before* the April 23, 2021 supplementation deadline.

**IT IS SO ORDERED.**

Dated: April 13, 2021

Thomas M. Parker
United States Magistrate Judge

2