IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FAYZA PANNO, | ) Case No. 1:21-cv-220 |
| | ) |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) THOMAS M. PARKER[1] |
| | ) |
| CLEVLEAND METROPARKS, *et al.*, | ) |
| | ) **ORDER** |
| Defendants. | ) |
| | ) |

This case is about a workplace relationship gone wrong. Plaintiff Fayza Panno had an off-and-on relationship with her former colleague, defendant David Fenske. That relationship ended when misdemeanor harassment charges were filed (and later dropped) against Fenske. Fenske then allegedly plotted with Panno's former supervisor, defendant Donald Sylvis, to have Panno fired. And many broken promises and other wrongs followed. Something might be here. But, at this time, that something isn't a federal case.

Accordingly, for the reasons explained below, this case must be REMANDED to the Cuyahoga County Court of Common Pleas. And all pending motions (ECF Doc. 11; ECF Doc. 14; ECF Doc. 30; ECF Doc. 36) must be DISMISSED AS MOOT.

---

[1] On March 11, 2021, the parties consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). ECF Doc. 17.

I.     Background

Panno was a patrol officer for the Cleveland Metroparks System until her employment ended in 2019. ECF Doc. 1-2 at 4; ECF Doc. 28 at 1. Over the course of her employment, Panno had an off-and-on relationship with fellow officer Fenske. ECF Doc. 1-2 at 5; ECF Doc. 28 at 2-3. But that ended when Fenske allegedly started stalking and harassing Panno, and she sought criminal charges against him. ECF Doc. 1-2 at 5-6; ECF Doc. 28 at 3-4. The criminal charges were eventually dropped, but Fenske was forced to resign. ECF Doc. 1-2 at 6; ECF Doc. 28 at 4.

After that, Fenske allegedly told Sylvis that Panno had told him about "improper, unethical, and illegal acts or actions taken by Sylvis." ECF Doc. 1-2 at 7-8; ECF Doc. 28 at 4-7 Fenske allegedly asked Sylvis to give him "confidential informant" status, and the two launched an investigation with the goal of having Panno fired. ECF Doc. 1-2 at 7-8; ECF Doc. 28 at 4-7. They determined that Panno had improperly used or "stolen" 3.75 hours of sick time, and she was fired on May 14, 2019. ECF Doc. 1-2 at 9-10; ECF Doc. 28 at 8-10.

Through her union, defendant Fraternal Order of Police, Ohio Labor Council ("FOP"), Panno filed a grievance. ECF Doc. 1-2 at 10; ECF Doc. 28 at 9. FOP, defendant Board of Park Commissioners of the Cleveland Metropolitan Park District ("Cleveland Metroparks"), and Panno agreed that Panno would resign in lieu of termination. ECF Doc. 1-2 at 10; ECF Doc. 28 at 9. But Cleveland Metroparks allegedly kept Panno marked as "terminated," and FOP allegedly refused to assist her in forcing Cleveland Metroparks to mark her as "resigned." ECF Doc. 1-2 at 10-11; ECF Doc. 28 at 9-10.

So, in December 2020, Panno sued Cleveland Metroparks, Chief Ranger Katherine Dolan, Sylvis, Fenske, and FOP in the Cuyahoga County Court of Common Pleas. ECF Doc. 1-

2; Docket for Cuy. Cty. Ct. Comm. Pl. Case No. CV-20-941784.  Cleveland Metroparks, Sylvis, and Dolan filed a notice to remove the case to this court, invoking this court's federal question and supplemental jurisdiction.  ECF Doc. 1.  They said they didn't need FOP's consent because it was improperly joined, and they didn't need Fenske's consent because he wasn't served.  ECF Doc. 1 at 3 (¶10).  But, on March 1, 2021, FOP filed a motion to remand the case back to state court because it hadn't consented to removal.² ECF Doc. 14.

On April 29, 2021, Panno filed an amended complaint.  ECF Doc. 28.  And that amended complaint presents the court with a jurisdictional problem.

## II.     Problems with Federal Court Jurisdiction

A federal court can hear a case only when a claim presents a question of federal law or one of the limited circumstances in which Congress has given the green light for federal courts to entertain state law questions.  *Estate of Cornell v. Bayview Loan Serv., LLC*, 908 F.3d 1008, 1017 (6th Cir. 2018); 28 U.S.C. §§ 1331, 1332, 1367.  And federal courts have an independent obligation to address jurisdictional questions as they arise.  *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).  If a case was originally filed in state court and then removed to federal court, the court can remand the case to state court when: (1) there was a defect in removal; or (2) the court determines that it doesn't have subject matter jurisdiction over the claims in the case.  28 U.S.C.

---

² FOP filed its motion to remand through attorney Joel Glasser.  But, before FOP filed its motion, Panno filed a motion to disqualify Glasser, alleging that he had represented her in the grievance proceedings with Cleveland Metroparks and would be a material witness in this case.  ECF Doc. 11.  FOP didn't respond to that motion (except in an opposition brief filed *before* Panno filed the motion in this court).  *See* ECF Doc. 5; ECF Doc. 10.  At the case management conference on April 13, 2021, FOP indicated that it intended to file a motion to dismiss the claims against it.  Because FOP's attorney was potentially subject to disqualification, the court ordered FOP to supplement its briefing on the disqualification issue first or obtain special counsel to file a motion to dismiss.  ECF Doc. 24.  FOP retained special counsel and filed a motion to dismiss.  ECF Doc. 25; ECF Doc. 30.  And the court granted FOP's motion to hold the disqualification issue in abeyance pending resolution of FOP's motion to dismiss.  ECF Doc. 27.

§ 1447(c). But some circumstances might inspire a court to retain "supplemental jurisdiction" over state law claims, even when no federal claims remain in the case. *Compare Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211-12 (6th Cir. 2004) (retaining jurisdiction when elimination of federal claims was the result of forum manipulation, discovery was completed, and summary judgment motions were ripe), *with Gamel v. City of Cincinnati*, 625 F.3d 949, 952-53 (6th Cir. 2010) (court properly declined supplemental jurisdiction when amendment was at an early stage of litigation, discovery wasn't over, and no summary judgment motion was filed).

Panno's amended complaint doesn't set out a claim over which this court has jurisdiction. Although Panno's original complaint wasn't really clear[3], it appeared to set out (or attempted to set out) a federal claim against Fenske, Sylvis, and Cleveland Metroparks by stating:

> 49. As a result of the concerted unlawful and malicious conspiracy of Fenske and Sylvis, Panno was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.
>
> * * *
>
> 82. As a direct and proximate cause of the negligent and intentional acts of Sylvis and [Cleveland Metroparks], Panno suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments [to] the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

---

[3] Panno's original complaint set out an omnibus section labeled "facts and allegations," in which she aggregated all of her factual allegations and left it to the defendants (and the court) to sort out what claims she might or might not be bringing. ECF Doc. 1-2. As the Northern District of Illinois explained in *Zona v. Cab Serv. & Parts Corp*, this kind of omnibus complaint runs afoul of Fed. R. Civ. P. 8 because "no one can discern for what cause of action [the] plaintiff seeks what relief." No. 85-c-9089, 1986 U.S. Dist. LEXIS 22295, at *5 (N.D. Ill. Jul. 24, 1986) (dismissing the complaint in its entirety, granting the plaintiff leave to amend, and cautioning counsel to comply with Fed. R. Civ. P. 11's requirement to research the law before filing a pleading).

4

ECF Doc. 1-2 at 9, 12.[4]  Panno might have also implicated FOP in that claim, but it's not clear because she just said that FOP "join[ed] the civil conspiracy already in motion" when it refused to assist her in enforcing the agreement that she be considered as having "resigned."[5]  *See* ECF Doc. 1-2 at 11 (¶77).  But, when Panno amended her complaint, she eliminated any reference to federal statutory or constitutional law.  *See generally* ECF Doc. 28 (eliminating any reference to 42 U.S.C. §§ 1983, 1985, the Fifth Amendment, the Fourth Amendment, or the Constitution).  Likewise, the only counterclaims pending in this case invoke only state law.  *See* ECF Doc. 32 at 11-16 (Fenske's counterclaims against Panno).  And because no question of federal law remains pending before this court, this court no longer has federal question jurisdiction over this case.  *Estate of Cornell v. Bayview Loan Serv., LLC*, 908 F.3d 1008, 1017 (6th Cir. 2018); 28 U.S.C. § 1331.

No other basis exists for federal court jurisdiction.  *Estate of Cornell*, 908 F.3d at 1017; *Chevalier*, 803 F.3d at 794.  The parties – all Ohio citizens – aren't diverse, and the amount in controversy doesn't clearly exceed $75,000.00.  *See* ECF Doc. 28 at 1-2, 12 (party recitals and prayers for damages "in excess of $25,000.00"); 28 U.S.C. § 1332.  And the elimination of Panno's federal claims at this early stage in litigation doesn't appear to result from the kind of prejudicial forum manipulation that would justify retaining supplemental jurisdiction.  *Harper*, 392 F.3d at 211-12; *Gamel*, 625 F.3d at 952-53; *see also* 28 U.S.C. § 1367.

---

[4] Cleveland Metroparks, Sylvis, and Dolan's notice of removal also indicated that Panno's complaint raised a claim (or claims) under "Section 301 of the Labor management Relations Act, 29 U.S.C. § 185(a) and/or [Ohio Rev. Code § 4117]."  ECF Doc. 1 at 1-2 (¶3).  But review of Panno's original complaint doesn't reveal *any* reference to these statutes.  *See generally* ECF Doc. 1-2.

[5] The lack of clarity here is likely responsible for the defendants' different positions on whether FOP's consent was necessary for removal.  If FOP was included in Panno's § 1983 and § 1985 claim(s), then its consent was probably required.  *See* 28 U.S.C. §§ 1441(a)(2), 1446(b)(2)(A).  If Panno only stated state law claims (or no claim at all) against FOP, then FOP didn't have to consent to removal.  *See* 28 U.S.C. §§ 1441(a)(2), 1446(b)(2)(A).  Luckily, the court doesn't have to answer those questions because, as discussed above, the amended complaint deprives this court of jurisdiction.

Accordingly, because this court doesn't have subject matter jurisdiction over any claims as they (might) exist in the amended complaint, and because the case is still in a nascent state, the court declines to exercise supplemental jurisdiction and concludes that the case must be REMANDED to the state court. 28 U.S.C. § 1447(c).

### III. Conclusion

This case is REMANDED to the Cuyahoga County Court of Common Pleas. All motions now pending before this court (ECF Doc. 11; ECF Doc. 14; ECF Doc. 30; ECF Doc. 36) are DENIED AS MOOT. If, at a future time, Panno's complaint is amended to state a federal claim against any party, the defendants may seek once more – upon proper consent of all defendants – to remove the case to federal court.

**IT IS SO ORDERED.**

Dated: July 28, 2021

Thomas M. Parker
United States Magistrate Judge